## Commonwealth *vs.* Cook.

PRESENTMENT.

Case 2.

### ERROR TO MONTGOMERY CIRCUIT.

Chief Justice SIMPSON delivered the opinion of the court.

June 8.

1. A presentment in the words of a penal statute is not always sufficient. It should apprize the defendant of what is intended to be proved against him, with such certainty as to bar a second prosecution for the same offense.
2. A presentment for selling spirits to a slave, should state the name and ownership of the slave, or the name of the person having the control of the slave.

Case stated.

This was a presentment for selling spirituous liquors to slaves, without any order from their master authorizing the sale.

The presentment does not allege to whom the slaves belonged, or state the name of the person who was entitled to their services at the time, nor furnish any description, by name or otherwise, by which they could have been identified. For this omission it was adjudged bad by the court below and was quashed.

The sufficiency of the presentment is the only question now to be determined.

The presentment follows the language of the statute, but a presentment in the words of a statute, although generally is not always sufficient. If by containing the charge in the words of the statute, the presentment will apprize the defendant of the nature of the accusation, with such reasonable certainty as to enable him to prepare to meet it, and as will render the proceeding a bar to any subsequent prosecution for the same offense, nothing more is necessary.

But as the defendant in a case of this kind may protect himself against the penalty imposed by the statute, by making it appear that the owner or hirer of the slave authorized the sale, the presentment should contain a sufficient designation of the slave, to whom the sale was alledged to have been made, to enable the defendant to prepare his defense, to show

1. A presentment in the words of a penal statute is not always sufficient. It should apprize the defendant of what is intended to be proved against him, with such certainty as to bar a second prosecution for the same offense.

2. A presentment for selling spirits to a slave, should state the name and ownership of the slave, or the name of the

that he was authorized by the owner to deal with the slave. Unless he be apprized of this fact by the charge contained in the presentment, it might become necessary for him to require the attendance, as witnesses, of all persons who had authorized him to sell to their slaves, and then he might not recollect or make any preparation to meet the case that the commonwealth would prove upon the trial. A defendant ought not to be subjected to such inconvenience by the failure of the presentment to specify the offense with which he is charged, with reasonable certainty.

It is necessary, in presentments for selling spirituous liquors to slaves, or for purchasing from them any commodity without the consent of the owner or master, to describe by name the person to whom such slaves belong, or who may have the control of them and be entitled at the time to their services, or at least to identify the slaves. The presentment in this case was defective, in failing to designate the owner or master, or otherwise to identify the slaves, and was properly quashed by the court below.

Wherefore, the judgment is affirmed.

*Harlan,* Attorney General, for commonwealth; *Daniel,* for defendant.